UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY JURON JOHNSON,

        Petitioner,   Case Number: 24-cv-10617
   Honorable Linda V. Parker
v.

MICHIGAN ATTORNEY GENERAL,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION TO HOLD IN ABEYANCE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Rodney Juron Johnson has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court lacks jurisdiction over the petition because Johnson is no longer in custody pursuant to the state-court judgment challenged in this petition. Therefore, the petition will be dismissed.

**I.   Background**

Johnson pleaded guilty in Wayne County Circuit Court to delivery/manufacture of 50 to 449 grams of cocaine and possession of a firearm during the commission of a felony. On February 7, 2014, he was sentenced to one to 20 years for the drug conviction to be served consecutively to two years for the firearm conviction.

The Michigan Court of Appeals denied Johnson's application for leave to appeal for lack of merit. *See Johnson v. Washington*, No. 19-1621, 2019 WL 6521657, at *1 (6th Cir. Oct. 8, 2019). He did not seek leave to appeal in the Michigan Supreme Court. *Id.*

In 2018, after he was released on parole, Johnson filed a petition for a writ of habeas in this District, which was denied as untimely. *Johnson v. Washington*, No. 18-cv-13338, 2019 WL 2297550, at *1 (E.D. Mich. May 30, 2019) (Cohn, J.). The Sixth Circuit Court of Appeals denied a certificate of appealability. *Johnson*, 2019 WL 6521657 at *2.

On March 11, 2024, Johnson filed the present petition for a writ of habeas corpus. He claims he has newly-discovered evidence of police and prosecutorial misconduct.

## II.  Standard

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v.*

*Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

### III. Discussion

The Court is dismissing Johnson's current application for habeas relief pursuant to Rule 4 because jurisdiction is lacking over the petition. For a federal court to have jurisdiction over a habeas corpus petition filed under § 2254, the petitioner "must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee,* 391 U.S. 234, 238 (1968)). The custody requirement is jurisdictional: "if a petitioner is not 'in custody' when [he] files [his] petition, courts may not consider it." *Hautzenroeder v. Dewine*, 887 F.3d 737, 740 (6th Cir. 2018). Courts determine whether a person is "in custody" at the time the petition is filed. *Carafas*, 391 U.S. at 238.

When the Sixth Circuit Court of Appeals denied Johnson a certificate of appealability in 2019, he had already been released from state custody (and was no longer on parole). *See Johnson*, 2019 WL 6521657, at *1 ("Johnson was a Michigan prisoner who has since been released from state custody."). Johnson, therefore, is no longer in custody for the expired convictions and may not maintain a habeas petition challenging them.

3

Additionally, the Court lacks jurisdiction because the petition is an unauthorized successive petition. A petitioner challenging a state court judgment under 28 U.S.C. § 2254 must "seek authorization in a federal appeals court before filing a 'second or successive application' in district court." *In re Stansell*, 828 F.3d 412, 414 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). A habeas petition is "second or successive" if it challenges the same conviction challenged in a prior petition and the prior petition was decided on the merits. *In re William Garner*, 612 F.3d 533, 535 (6th Cir. 2010) (citing *In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000)). Johnson's first petition was denied as untimely. *Johnson*, 2019 WL 2297550, at *1. The dismissal of a habeas petition as untimely constitutes a disposition on the merits. *In re Cook*, 215 F.3d at 607-08. Federal district courts lack jurisdiction to consider successive habeas petitions absent preauthorization from the court of appeals. *See Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)).

Ordinarily, when a prisoner files an unauthorized successive petition in the district court, the petition is transferred to the appropriate court of appeals. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). In this case, however, the Court declines to transfer the petition because "[t]he *first* showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgement of a State court.'" *Lackawanna*

4

*Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)) (emphasis supplied).  Because Johnson cannot make the "first showing" that he is "in custody," transfer to the Court of Appeals would be futile.

## IV.  Certificate of Appealability

Before Johnson may appeal the dismissal of his habeas petition, he must obtain a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  Where a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court finds that "jurists of reason" would not debate its conclusion that Johnson fails to satisfy the "in custody" requirement.  The Court therefore denies a certificate of appealability.

## V.  Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED** and a certificate of appealability is **DENIED**.

5

IT IS FURTHER ORDERED that Petitioner's motion to hold the case in abeyance (ECF No. 3) is **DENIED AS MOOT**.

IT IS FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is **DENIED** because an appeal could not be taken in good faith. *See* Fed. R. App. P. 24(a).

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: April 22, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 22, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager